IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

v.                                                     Case Nos. 4:15-cr-43-AW-MAF
                                                                  4:19-cv-62-AW-MAF

**JOSEPH-MICHAEL ELIAS
MCFARLAND,**

    **Defendant.**
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The defendant has filed a motion for § 2255 relief (ECF No. 129), and the magistrate judge has issued a report and recommendation (ECF No. 141). I have considered that report and recommendation and have considered de novo the issues raised in the defendant's objections. ECF No. 142.

The magistrate judge carefully and thoroughly evaluated each of the defendant's claims. I agree with the magistrate judge's conclusions, and this order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.

I have also reviewed the unsworn statement submitted after the report and recommendation issued.[*] ECF Nos. 143, 145. In that statement, which is consistent

---

[*] When filing the unsworn statement, the defendant indicated he would seek to have the statement sworn later. ECF No. 143. A sworn version was never submitted, but it would not have made a difference.

1

with materials already in the record, the victim says she believes the defendant is not guilty and that she did not do anything she did not want to do. ECF No. 143; *see also*, *e.g.*, ECF No. 94-2. This statement does not change the outcome. The defendant claims that had his counsel investigated properly, he could have obtained this testimony from the victim. And that testimony, the defendant contends, "would have revealed that [the defendant] was innocent of the charged offense." ECF No. 132. But the statement does not prove innocence. Far from it. The facts alleged in the statement are not inconsistent with the defendant's sworn admissions during his plea colloquy, which established his guilt. And for that reason, the defendant cannot show that prudent counsel would have introduced a similar statement at the hearing on the motion to withdraw plea. Nor can he otherwise show ineffectiveness in any failure to investigate (or discover) the facts alleged in the statement. In short, the statement provides no help at all.

    The remaining issue is whether to issue a certificate of appealability. A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016). And "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2)). "That standard is met when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That standard is not met here. This order therefore denies a certificate of appealability.

    IT IS ORDERED:

    1.    The clerk will enter judgment that says, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

    2.    A certificate of appealability is denied.

    3.    The clerk will close the file.

    SO ORDERED on April 29, 2020.

                                      s/ *Allen Winsor*
                                      United States District Judge